J-A21031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NATANYA SHARON KNAUF | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER JOHN KRAMME | : | |
| | : | |
| Appellant | : | No. 623 EDA 2022 |

Appeal from the Order Entered January 25, 2022
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2021-22091

BEFORE: LAZARUS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:       **FILED SEPTEMBER 16, 2022**

Alexander John Kramme (Appellant) appeals, *pro se*, from the January 25, 2022, final order granting the petition for protection from abuse (PFA),[1] filed by Natanya Sharon Knauf (Appellee). Appellant argues, among other things, that the court erred in granting the PFA petition because: (1) Appellee failed to provide evidence to support her claims; (2) the court should have found his testimony more credible; and (3) the court committed judicial misconduct. Based on the following, we dismiss this appeal.

The trial court summarized the underlying facts and procedural history as follows:

---

[1] 23 Pa.C.S. §§ 6101-6122.

On January 25, 2022, the parties appeared before the court for a Final [PFA] hearing, following the entry of a Temporary [PFA] Order entered on October 29, 2021.[1]

[1] The temporary order was continued on November 28, 2021 and again on December 6, 2021.

The parties proceeded *pro se* at the [PFA] hearing. [Appellee] testified as a witness on her own behalf, as did her mother. [Appellee] testified that [Appellant] stated to [Appellee]'s mother that he wanted to kill both [Appellee] and her new boyfriend. This incident occurred in September 2021, and [Appellee] filed for the temporary PFA in October 2021. [Appellee] further testified that in 2018 she received letters, sent to her from [Appellant], indicating that [he] wanted to kill [Appellee] and her intimate partner. When questioned by the court if she was afraid of [Appellant], [Appellee] responded "yes." Additionally, [Appellee] indicated that she worried that if [Appellant] was aware of her current address, he would come to her home with a gun. [Appellee] testified that [Appellant] owned guns in the past.

Linda Knauf, [Appellee]'s mother, took the stand as a witness for [Appellee]. Prior to testifying, Ms. Knauf was sequestered in the hallway and unable to hear the proceedings taking place in the courtroom. Ms. Knauf testified that [Appellant] was at her house in September of 2021 to pick up the parties' daughter. At that time he stated that he would get the gun, hide it and have it ready for when he needs it.

[Appellant] was the only witness to testify on his behalf. In his testimony he stated that [Appellee]'s allegation of threats against herself and her boyfriend was false. [Appellant] did not present any corroborating evidence to support this assertion.

On January 25, 2022, following the hearing, th[e trial] court entered a final [PFA] order on behalf of [Appellee], Natanya Knauf. The court entered the order for a period of [two] years, directing that the order is to expire on January 25, 2024. Custody of the parties' daughter was not address as there [was] an existing custody docket.

Trial Ct. Op., 4/15/22, at 1-2 (some capitalization omitted). This timely appeal followed.[2]

Appellant presents the following issues for our review:

[A.] Witness [Appellee]'s testimony should have been discarded, because sufficient evidence existed for presentation to the judge to impeach her . . . credibility.

[B. Because Appellee] testified against [Appellant] by hearsay alone, [her] testimony should have been entirely discounted.

[C.] Previous threats of [Appellant] against [Appellee] were inadmissible as evidence owing to the lack of corroborating evidence and to the fact that the allegation was on events from over [three] years prior to the case.

[D. Appellant]'s history of gun-ownership was declared to hold no weight or substance in the rendering of a judgement[.]

[E. Appellant] did corroborate his position with support evidence, whereas the court opinion states the defense offered none. [Appellant] had evidence of witness lying or changing facts significantly in relevant matters. [Appellant] offered this evidence.

[F.] All court decisions were declared during trial, very clearly, to hang on one, single piece of evidence — to the effect of excluding all other evidence. Court then cites that it rendered judgement on at least [four] distinct pieces of evidence. This is . . . was highly misleading and damaging to the argumenting rights of the defense.

[G.] Judicial misconduct; [the trial court] acted to subvert testimony, dissuade presentations of argument and evidence,

_____

[2] On March 7, 2022, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with the court's directive and filed a concise statement on March 25, 2022. The court issued a Pa.R.A.P. 1925(a) opinion on April 15, 2022.

suppress the process of determining the truth in the name of time for the next hearing, and discouraged parties from acting upon rights. To the effect of injustice and to undermine confidence in the judiciary.

[H.] Emergency necessitates. Obstruction of rights pre-trial: Certain rights as codified in rules and in higher laws, and to implied inherent laws, and highest natural las were obstructed or denied under threat. Denial of certain rights and obstruction under law led to virtual inability to defense of self and impossible change for defense. As well, reservations of ratified powers endowed were curtailed to be violate, precluding enaction of rightful powers.

[I.] Obstruction of rights during trial/abuse of discretion[.] Denial of rights, and substantial discouragement from acting on right, amounted to injustice done and abuses of discretion by the court. Amounting with impropriety as an active factor.

[J.] Obstruction of rights as a result of final action[.] Denial of rights, abuses of discretion, and judicial misconduct led to an outcome made final wherein rights preserved were obstructed and remain obstructed. As well as cruel punishment inflicted relatively to the purported offense and otherwise.

[K.] Bad faith filing[.] A proceeding was initiated in bad faith and no clear retaliations nor considerations were given nor provided to examine and raise question as to the validity of faith that went into motives for this proceeding. Direction was not provided to follow up with a claim to the bad faith of the intentions of the filer and motives, in spite of the amounting of real damages. As a result, timely process has been stalled without traction, and may or may not (we don't know) be compromising valid action.

[L.] Abuse of discretion[.] Court discretion in matters and general rules, and standards set forth for the judiciary were improperly used, amounting in dismissal of valid evidence[,] discouragement of rights, improper rulings and obstruction to justice and to the determination of the truth. Outcomes adverse are including but not limited to what has been heretofore presented in this general statement. More is including in the litamy of amounted damages and adversities some of which is far-reaching in ways that still maintain reasonable mention, and for brevity in this statement have not been listed here.

Appellant's Brief at 18-23 (unpaginated) (spelling and grammatical errors in original; some capitalization omitted).

> Initially, as mentioned in prior decisions, we reiterate to Appellant that

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court.

*Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citations omitted).

Here, Appellant's brief is unconventional,[3] and does not substantially adhere to the Rules of Appellate Procedure. First, with respect to Appellant's first eight arguments, Questions A – H, we note that his brief lacks citation and discussion to the legal authority. *See* Pa.R.A.P. 2119(a), (b). Rather, for only three of his 12 arguments, he merely directs us to his "Appendix of Cited Authorities"[4] which is three pages long. *See* Appellant's Brief at 36, 41, 43 (unpaginated). He does not explain the specific law or rule to be applied to

---

[3] Appellant also makes demeaning statements about the trial court. *See i.e.*, Appellant's Brief at 40 (unpaginated) (stating: "I did not do that because the snippy judge kept cutting me off to steer me in the direction of that one, single matter. He shoulda [sic] been a cowboy, not a judge . . . wrangling and steering and being all snippy and impatient . . . And what I was trying to say was . . . relevant. . . . I know people like that. They make good cowboys.").

[4] *See id.* at 47-49 (unpaginated).

these arguments. Furthermore, these issues are comprised of incoherent and underdeveloped arguments.

Second, as to the last four arguments in his brief, Questions I – L, Appellant fails to provide any citation or discussion to relevant legal authority and fails to provide any citation to the record or even a synopsis of the evidence. **See** Pa.R.A.P. 2119(a), (b), (c), and (d). Rather than providing argument to support his claims, he repeatedly and baldly asserts: "Seeking an oral argument[.]" Appellant's Brief at 44-45 (unpaginated).

It is well-settled that "appellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." **In re Ullman**, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citations omitted); **see** Pa.R.A.P. 2101 (stating court may quash or dismiss an appeal where briefs fail to conform with requirements of Rules of Appellate Procedure). This Court is an error correcting court. We are not in the business of guessing the alleged errors in the trial court and we decline to entertain any invitation to do so.

Based on the circumstances before us, we conclude that Appellant has failed to comply with the Rules of Appellate Procedure. His brief contains substantial defects that hamper our ability to conduct meaningful appellate

review.  **_See Ullman_**, 995 A.2d at 1211; **_see also_** Pa.R.A.P. 2101.  Therefore,

we dismiss Appellant's appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2022